UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAZEM MICHAEL MOUNAYER,<br><br>        Petitioner,<br><br>    v.<br><br>ERIC H. HOLDER, Attorney General, et al.,<br><br>        Respondents. | 1:11-cv-00122 MJS HC<br><br>ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT<br><br>[Doc. 13] |

Petitioner filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 24, 2011. Petitioner asserts his detention by the Bureau of Immigration and Customs Enforcement ("ICE") violates United States statutes and his constitutional right to due process of law. Both parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

I.    **BACKGROUND**

Petitioner claims to be a native of Palestine.[1] Petitioner was taken into custody and placed in removal proceedings to the country of Jordan in September of 2010. In the habeas

---

[1] According to Petitioner's alien file, Petitioner was born in Jordan. (Response, ECF No. 12.)

petition filed January 24, 2011, Petitioner asserts only that his continued detention violated the doctrine stated by the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678 (2001).

**II.    ANALYSIS**

On April 8, 2011, Respondents filed a motion to dismiss the petition. Respondents represented that on April 7, 2011, Petitioner was released from the custody of ICE under supervision. The motion was accompanied by a copy of the ICE Release Notification stating that Petitioner shall be released from custody pending removal. Respondents assert that the petition is now moot.

A federal court may not review a moot claim, because the exercise of federal judicial power is conditioned on the existence of an Article III case or controversy. Liner v. Jafco, Inc., 375 U.S. 301, 306 n. 3, 84 S. Ct. 391, 11 L. Ed. 2d 347 (1964). A claim is moot when "the issues presented are no longer live" and there exists no "present controversy as to which effective relief can be granted." Outdoor Media Group, Inc. v. City of Beaumont, 506 F.3d 895, 900 (9th Cir. 2007) (*quoting* Vill. Of Gambell v. Babbityt, 999 F.2d 403, 406 (9th Cir. 1993)). To maintain a claim, a litigant must continue to have a personal stake in all stages of the judicial proceeding. Abdala v. INS, 488 F.3d 1061, 1063 (9th Cir. 2007). Thus, a petitioner's release from detention under an order of supervision may, under certain circumstances, moot a challenge to the legality of his extended detention. Id. at 1064-65, (*quoting* Riley v. INS, 310 F.3d 1253, 1256-57 (10th Cir. 2002)). Mootness is not automatic. Zegarra-Gomez v. United States, 314 F.3d 1124, 1126-27 (9th Cir. 2003). But in order for a habeas petitioner to continue to present a live controversy after release, there must be some collateral consequence that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); Abdala, 488 F.3d at 1064.

**III.   CONCLUSION**

Because Petitioner has been released on supervision, which is the only relief he requested or appears entitled to, and because there does not appear to be any collateral consequence that could be addressed by continuing the litigation, the petition is moot.

1 | Accordingly, the petition shall be dismissed without prejudice.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice; and

2. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated:   May 31, 2011                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE